Ruffin, C. J.
 

 It is difficult to conceive the meaning of the proposition, that, from the act of giving a new bond
 
 *64
 
 in place of a previous one, a promise is implied by law to pay such prior bond. To whom can the promise be supposed to be made ? and to what end is it to be implied, when the debtor actually gave an obligation under seal for the same money
 
 1
 
 It is somewhat suprising, therefore, that the plaintiff should have had a verdict upon any part of the case. But, without notice of that point, the Court holds the instructions and verdict upon the statute of limitations to be unquestionably correct. The contracts of the obligor and the endorser are in their nature several, and no act of the former can change the latter. The act of 1827, indeed, says the endorser shall be liable as surety to the holder; and it is insisted, that the alleged liability of the defendant arises under that provision. But it has been for some time settled, that the sole purpose of that act was to turn the implied conditional contract, between the endorser and holder, into an unconditional one; and that it was not intended to charge the endorser, as if he had executed the bond as co-obligor, or upon an endorsement without consideration, or to deprive him of the benefit of the statute of limitations, by exposing him to stale demands, kept alive, perhaps, by collusion between the obligor and the holder,
 
 Williams
 
 v.
 
 Irwin,
 
 3 Dev. and Bat. 74.
 
 Ingersoll
 
 v.
 
 Long,
 
 4 Dev and Bat. 293. The act does not change the mode of declaring against the endorser, except in omitting the former requisites of a demand on the obligor and a notice of the dishonor to the endorser. Indeed, the count, upon which it is sought to recover from the defendant, charges him as endorser merely — that is in assumpsit upon a several and simple contract; and, consequently,the caséis within the express provision of the act of 1715.
 

 Per Curiam. Judgment affirmed.